

# THE LAW OFFICES OF
# Richman Hill & Associates PLLC

2027 Williamsbridge Road, Bronx, NY 10461
718.892.8588 | fax: 718.518.0674

Stacey Richman, Esq.
srichmanlaw@msn.com

Renée C. Hill, Esq.
rhillesq@msn.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _8/20/2024_

August 15, 2024

Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**MEMORANDUM ENDORSED**

RE: United States v. Juan Checo
S6 22 CR 522 (GHW)
Request for Alteration of Conditions of Release
Follow up post conference on August 6, 2024

Your Honor:

Subsequent to the Court's order of August 5, 2024, and our conference regarding an alteration in bail conditions please receive this letter to supplement the additional data points supplied on August 6, 2024.

I am grateful we had the opportunity for oral dialogue as I was dismayed that the Court perceived the request was merely to alleviate individual applications for permission for Mr. Checo to leave his residence. The request for the alteration in conditions was suggested by Pre-trial itself. Their suggestion was in accord with their experience in supervising Mr. Checo and the criteria of the statute. Pre-Trial has suggested the Mr. Checo should be more appropriately supervised with his ankle monitor and a curfew.

During Mr. Checo's release he has not committed a federal or state crime and has been completely compliant with all directives.

Mr. Checo is on dialysis and must report to his treatment three times a week to ensure his survival. He is of no risk of flight because he would literally perish without his care. Additionally, he is quite bound to his 18 month old daughter. Mr. Checo has lost a child so he recognizes how precious each day with his daughter is in a dimension we would not wish on any being. Mr. Checo is not a risk of flight.

Mr. Checo is not a danger to the community. He is a man who has suffered significant losses in his life and recognizes his current legal peril. He cherishes what time he has physically and with his daughter.

The Court has determined that due to Mr. Checo's significantly compromised health and history that he be released pending trial upon a combination of conditions. 18 U.S.C. 1342(a)(2). The initial conditions included home confinement with an ankle monitor. However, upon the

THE LAW OFFICES OF
# Richman Hill & Associates PLLC



advisement of Pre-Trial after their experience in supervising Mr. Checo they have notified counsel that they perceive whilst recognizing their duties to the Court and the statute that it perceived an alteration in bond conditions to step back from home confinement to a curfew would be appropriate. Counsel makes this application without opposition from the Government. The Government continues to defer to Pre-Trial on this matter.

The statute directs that the person be subject to the least restrictive further condition or combination of conditions that will reasonably assure the appearance of the person as required and the safety of any other person and the community. 18 U.S.C. Section 1342 (c)(1) (B). Mr. Checo shall remain with his ankle monitor, continue to be supervised by Pre-Trial; he is starting a company with his partner which will provide him employment and serve as an additional root to the community; he will continue to abide by the conditions as set and supervised by the Court and Pre-Trial respectively; he will comply with a specified curfew; continue to refrain from possessing a firearm or other dangerous weapon; and as he cannot use alcohol or drugs due to his kidney disease he will continue to refrain from use of these items. See, 18 U.S.C. Section 1342(c)(1)(B)(i)-(xiv).

Given the experience of Pre-Trial in its supervision of Mr. Checo, it was suggested that it would be appropriate to demonstrate to the court that a lesser restrictive combination of conditions would serve the directives of the statute.

Thus, we ask for a modification in accord with the suggestion of Pre-Trial Services in Mr. Checo's bail conditions from home confinement to a curfew as determined by Pre-Trial services.

Most respectfully,
Stacey Richman

cc: AUSA Ashely Nicolas, Ashely.Nicolas2@usdoj.gov
Pre-Trial Officer Jonathan Lettieri, Jonathan_Lettieri@NYSPT.uscourts.gov

Application granted. The conditions of Mr. Checo's pretrial release are modified as follows: The condition requiring home detention is terminated. Mr. Checo must comply with a curfew between the hours of 7 p.m. and 7 a.m. The hours of the curfew may be modified by pretrial services without further application to the Court. All other conditions of the defendant's pretrial release remain in full force and effect, including the requirement that he be subject to GPS location monitoring.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 437.

SO ORDERED.
Dated: August 20, 2024
New York, New York

GREGORY H. WOODS
United States District Judge